D. E. WALTON AND WIFE, RUBY V. WALTON v. NORTH CAROLINA
STATE HIGHWAY COMMISSION AND RICHMOND SAVINGS & LOAN
ASSOCIATION.

(Filed 17 April 1963.)

APPEAL by repondent, North Carolina State Highway Commission,
from *Olive, J.,* December 1962 Civil Term of RICHMOND.

Petitioners instituted this proceeding to secure compensation for 1.48
acres of land taken by respondent North Carolina State Highway
Commission for highway purposes. Petitioners' property fronts ap-
proximately 1,068 feet on the north side of U.S. Highway No. 74. In
widening the highway respondent took a curved strip of land approxi-
mately 941 feet long and varying in width from 80.88 feet to zero.
It included two of petitioners' front doorsteps.

Answering the petition, respondent alleged that on February 26,
1960 petitioners had, by a duly recorded instrument, granted it a
right of way over the property taken. Replying, petitioners admitted
the execution of the recorded right-of-way agreement but alleged: (1)
it was void for uncertainty of description; (2) the instrument had not
been legally delivered; and (3) the agent of the respondent had se-
cured their signatures to the instrument by fraudulently misrepresent-
ing the location of the right of way in that he had assured them that
ample space remained between the front of their residence and the
right of way for a drive; that upon learning that the right of way came
to their front porch they immediately demanded the return of the
instrument which was still in the possession of the agent, unprobated
and unrecorded; that he refused to surrender it and thereafter wrong-
fully recorded it.

The Clerk of the Superior Court held that the right-of-way agree-
ment was inoperative, overruled the respondent's plea in bar, and ap-
pointed commissioners to determine the compensation due petitioner.
Thereafter the commissioners made an award, and the clerk approved
their report. Respondent appealed to the Superior Court demanding
a jury trial upon the issues of fact raised by the pleadings.

When the case came on for trial respondent moved that the issues
raised by the plea in bar be tried prior to the issue of damages and that
this issue be deferred until a later term. This motion was granted.

Issues were submitted to the jury and answered as follows:

"1.   Did the petitioners sign the paper writing entitled Right-of-
Way Agreement, Respondent's Exhibit B, as alleged in the An-
swer?
"ANSWER: Yes

"2. Did the petitioners void delivery of said Right-of-Way Agreement, Respondent's Exhibit B, by repudiating and disaffirming the same before acceptance by the State Highway Commission, as alleged in the Reply?

"ANSWER: Yes

"3. Did the respondent induce the petitioners to sign said Right-of-Way Agreement, Respondent's Exhibit B, by fraud and misrepresentation as alleged in the Reply?

"ANSWER: Yes."

Upon the verdict the judge entered a judgment decreeing the right-of-way agreement null and void. The respondent appealed to this Court assigning as error the failure of the trial judge to nonsuit the plea in bar, the submission of the second issue, and error in the charge relating to the second issue.

*T. W. Bruton, Attorney General, Harrison Lewis, Assistant Attorney General, Henry T. Rosser, Trial Attorney for respondent appellants.*

*Jones and Jones for petitioner appellees.*

PER CURIAM. The evidence of the petitioners was ample to withstand respondent's motion for nonsuit. The issues submitted arose upon the pleadings. Respondent assigned no error to the charge on the third issue. Therefore, even if we were to concede error in the charge on the second issue — a question we need not decide — the answer to the third issue required the judgment which the court entered.

No error.